**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Crystal Stephens, | CIVIL ACTION |
| Plaintiff, | Case No.: 2:16-cv-03845 |
| vs. | |
| Manley Deas Khochalski, LLC, | Judge Thomas N. O'Neill, Jr. |
| Defendant. | |

## MOTION TO DISMISS

NOW COMES Defendant Manley Deas Kochalski, LLC ("MDK"),[1] by and through counsel, and hereby moves this Court to dismiss this case under Rules 12(b)(6) and 12(b)(1).

Plaintiff Crystal Stephens ("Stephens") fails to state a claim upon which relief can be granted because: (i) her complaint contains only labels and conclusions and allegations of speculative facts; (ii) according to her allegations, MDK has not engaged in either a "communication" or "initial communication" with her as defined by the Fair Debt Collection Practices Act (15 U.S.C. § 1692a, *et seq*.); (iii) the documents on which Stephens relies were filings with the state court, which cannot be a third party as defined by the FDCPA; (iv) the claims are barred by the applicable statute of limitations; (v) the claims are barred by the doctrine of *res judicata* and the *Rooker-Feldman* doctrine; and (vi) Stephens does not allege facts to indicate that MDK violated the FDCPA in any way.

---

[1] The caption has the incorrect spelling of MDK's full name.  MDK will use the correct spelling of its name.

MDK's position is more fully explained in its Memorandum in Support, below.  For these reasons, this case should be dismissed.

Respectfully submitted,

/s/ Michael E. Carleton
Michael E. Carleton, Esquire (203009)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH  43216-5028
Telephone:  614-222-4921
Fax:  614-220-5613
Email:  mec@manleydeas.com
Attorney for Defendant

## MEMORANDUM IN SUPPORT OF MDK'S MOTION TO DISMISS

### I.       Facts.

On July 20, 2016, Stephens filed her complaint in this action against MDK.  (Compl.) Stephens alleges that MDK entered an appearance as a law firm on behalf of Aurora Loan Services LLC ("Aurora"), the plaintiff in the state court foreclosure action Aurora had filed against her in the Philadelphia County, Pennsylvania, Court of Common Pleas ("foreclosure action").  (Id., ¶ 2.)  Stephens further alleges that MDK filed documentation in the foreclosure action to effect a sale of the mortgaged property once MDK's client had already obtained a foreclosure judgment against her.  (Id., at Exhibits 1-2.)

However, Stephens claims that MDK violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq. ("FDCPA"), in part, on grounds that Aurora was not the real party in interest in the foreclosure action, again, even though Aurora had already obtained a judgment against Stephens by the time MDK had entered an appearance in the foreclosure action.  (Id., ¶¶ 41-52.)   On this basis, Stephens claims that MDK violated Section 1692e of the FDCPA, which bars false, deceptive and misleading representations.  (Id.)

Otherwise, Stephens alleges that MDK violated Section 1692c of the FDCPA, which bars a debt collector from communicating with consumers at improper times and under certain circumstances and further bars a debt collector from communicating with third parties about a debt except unless exceptions apply.  (Id., ¶¶ 26-40.)  However, the sole facts supporting Stephens' claim in this respect are merely the post-judgment court filings that MDK made in the state foreclosure action.  (Id., at Exhibits attached thereto.)

Finally, Stephens alleges that MDK violated Section 1692g of the FDCPA by failing to send her a debt validation notice within five days of serving her with the court filings attached to her complaint.  (Id., ¶¶ 53-68.)  However, again, the sole facts supporting Stephens' allegations were the post-judgment documents that MDK filed in the state foreclosure action.  (Id., at Exhibits attached thereto.)  Stephens does not allege that MDK communicated with her outside of the post-judgment court filings in the state foreclosure action.

## II.    Law and Argument.

Stephens' complaint does not satisfy the minimums of pleading required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Even if it did, and making amendment irrelevant, she has not alleged facts to indicate that MDK engaged in a "communication" or "initial communication" with her, sufficient to trigger her rights under Section 1692c and 1692g.

Further, under Section 1692c, the third party with which MDK allegedly communicated about her debt improperly—the Philadelphia County, Pennsylvania, Court of Common Pleas—could not be a third party as contemplated by the FDCPA.  Even if it could, MDK is exempt from communicating with the state foreclosure court because it was merely filing documents to "effectuate a postjudgment judicial remedy" under Section 1692c(b).

Under Section 1692e of the FDCPA, Stephens has not pointed to any materially false, deceptive, or misleading representation MDK allegedly made to her.   According to her allegations, MDK merely proceeded in the state foreclosure action to effect a sheriff's sale of the mortgaged property.

Finally, Stephens' claims are barred by the statute of limitations, 15 U.S.C. § 1692k(d), and Stephens is improperly seeking to re-litigate the state foreclosure action in violation of *res judicata* and the *Rooker-Feldman* doctrine.  Therefore, the case should be dismissed.

### A.   Stephens' complaint does not satisfy the minimums of pleading.

Rule 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).  This "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements. *Id.* at 556.

After *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), quoting *Iqbal*, 556 U.S. at 678.  Finally, legal conclusions are disregarded.  *Iqbal*, 556 U.S. at 679.  "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

Here, Stephens' complaint does not contain any facts sufficient to state a claim that MDK violated the FDCPA.  To establish a violation of the FDCPA, Stephens must show that: "(1) she is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it; and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."   *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Stephens does not state a claim against MDK under Section 1692g, which requires the debt collector to send the consumer a debt validation notice within five days of an "initial communication."   Under 15 U.S.C. § 1692a(2), a "communication" "means the conveying of information regarding a debt directly or indirectly to any person through any medium." However, under 15 U.S.C. § 1692g(d), "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." Here, every "communication" that Stephens references in and attaches to her complaint is a document that MDK filed in the state foreclosure action.  As a result, MDK was not required to send Stephens a validation notice under Section 1692g(a).  For this reason, Stephens has not stated a claim under Section 1692g, and her claim should be dismissed.

Stephens has not stated a claim against MDK under Section 1692c.  Section 1692c of the FDCPA bars a debt collector from communicating with a consumer at, for instance, "unusual time[s] or place[s]" or at the "consumer's place of employment."  15 U.S.C. § 1692c(a)(1) & (3). Because Stephens does not allege that MDK engaged in any such communications, and indeed

only did so by serving her with post-judgment pleadings filed in the state court foreclosure action, Stephens has not stated a claim against MDK under Section 1692c(a).

Nor has Stephens stated a claim under Section 1692c(b). Section 1692c(b) bars a debt collector from communicating with third parties under most situations. However, again, the third party with which MDK allegedly communicated was the Philadelphia, Pennsylvania, Court of Common Pleas. While undersigned counsel was unable to discover any case law to indicate that a court cannot be a third party for purposes of Section 1692c(b), this Court should so hold. Although not defined, 15 U.S.C. § 1692c contemplates the term "third party" to be someone or thing other than the court in which the civil action to enforce the debt obligation is filed. At any rate, because the documents MDK filed in the state foreclosure action were all post-judgment filings related to selling the mortgaged property, MDK is exempt from liability under the express terms of Section 1692c(b), which carves out from liability communications "as reasonably necessary to effectuate a postjudgment judicial remedy." Accordingly, Stephens has not stated a claim under Section 1692c(b).

Finally, Stephens has not stated a claim under Section 1692e of the FDCPA. Stephens has not stated a claim under Section 1692e(11), which requires a debt collector to issue an FDCPA "mini-Miranda" warning when engaging in an "initial communication" with a consumer. Contrary to Stephens' allegations, a debt collector need not comply with Section 1692e(11) if the only communication with the consumer is through "formal pleading[s] made in connection with a legal action." Because Stephens has not alleged any facts to indicate that MDK communicated with her in any other way than through pleadings MDK filed and served on her in the state foreclosure action, Stephens has not stated a claim under Section 1692e(11).

Nor has Stephens stated a claim that MDK violated any other provision of Section 1692e, which bars a debt collector from making false, deceptive, and misleading representations.  The sole basis for Stephens' claim in this respect is her allegation that Aurora was not the real party in interest in the state foreclosure action.  Here, however, Stephens admits that Aurora was the real party in interest when the foreclosure action was filed but subsequently transferred its interest to Nationstar Mortgage LLC.  Pa.R.C.P. 2004, which is similar to Fed.R.C.P. 25(c), provides that the original plaintiff may continue to pursue the action even if its interest was transferred to another after the action commenced.  Pa.R.C.P. 2004 allows that action to proceed in the name of Aurora, and MDK entered its appearance on behalf of Aurora.  Therefore, MDK committed no materially false, deceptive or misleading representation.

Accordingly, Stephens has failed to state a claim against MDK for alleged violations of the FDCPA.

**B.     Stephens' claims are barred by the applicable statute of limitations.**

Even if Stephens survives the previous arguments, her claims are barred by the applicable statute of limitations.  15 U.S.C. § 1692k(d) states that the action must be brought "within one year from the date on which the violation occurs."  Here, Ms. Stephens' alleges that the violation occurred on July 14, 2015.[2]  Ms. Stephens' Complaint, however, was filed on July 20, 2016.  July 20, 2016, is more than one year after July 14, 2015.  Therefore, Ms. Stephens' claims are barred by the statute of limitations outlined in 15 U.S.C. § 1692k(d).

---

[2]     MDK's first filing in the Foreclosure Action was its Entry of Appearance on July 14, 2015, which Stephens incorrectly terms "a dunning communication." (Compl., ¶ 4.)  As in *Schaffhauser v. Citibank (S.D.) N.A.*, 340 Fed. Appx. 128, regardless of which approach the Court uses to toll the limitations period, filing or service, the result is the same.

**C.      Stephens' claims are an improper attempt to re-litigate the foreclosure action.**

Under the guise of attempting to allege that MDK violated the FDCPA, Stephens seeks to re-litigate issues from the foreclosure action.  However, *res judicata* prohibits such litigation and the *Rooker-Feldman* doctrine prohibits this Court from second guessing the state court's decision.

According to the Complaint's Exhibit 3, judgment against Ms. Stephens was entered in the foreclosure action on June 11, 2010, and in favor of Aurora.  MDK did not enter its appearance in the case until July 14, 2015.  At no time was or has the name of the plaintiff in that action been changed.  Stephens, however, wants to litigate in the instant case whether Aurora is the real party in interest in the foreclosure action.

Federal courts will give the same preclusive effect to prior state court cases as state courts would give the cases.  *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 383, 887 (3d Cir. 1997).  *Res judicata* bars re-litigating claims that were or could have been litigated in the prior suit between the parties.  *Balent v. City of Wilkes-Barre*, 542 Pa. 555, 563 (Pa. 1995).

The *Rooker-Feldman* doctrine divests federal courts of jurisdiction and bars the federal courts from determining whether the state court action was wrongly decided, subjecting a complaint to dismissal under Rule 12(b)(1).  *Knapper v. Bankers Trust Co.*, 407 F.3d 573, 580 (3d Cir. 2005).   This includes a borrower's alleged FDCPA claims.  *See, e.g., Sherk v. Countrywide Home Loans, Inc.*, No. 08-5969, 2009 U.S. Dist. LEXIS 68628, 2009 WL 2412750, at *21-22 (E.D. Pa. Aug. 5, 2009); *Hua v. US Bank Nat'l Ass'n*, No. 14-6767, 2015 U.S. Dist. LEXIS 30588, at *6 (E.D. Pa. Mar. 11, 2015); *Easley v. New Century Mortg. Corp.*, No. 08-4283, 2009 U.S. Dist. LEXIS 65462, 2009 WL 2256692, at *1-2 (E.D. Pa. July 28, 2009) (all

cases dismissing FDCPA claims per *Rooker-Feldman* as loans at issue were all subject of state foreclosures).

Here, the issue over whether Aurora or some other entity is the real party in interest was decided in the foreclosure action and judgment was entered.  That judgment carries with it *res judicata* effect, and to re-litigate the issue would require this Court to second guess the state court, thereby violating *Rooker-Feldman*.  Therefore, the issue cannot be litigated here, and Stephens' complaint should be dismissed.

**<u>Conclusion</u>**

Stephens' Complaint fails to meet the basic requirements to bring an action in this Court, and amendment would not save it.  Simply put, she has not alleged facts to indicate that MDK violated the FDCPA.  Therefore, MDK's Motion to Dismiss should be granted, along with any other relief deemed appropriate by the Court.

Respectfully submitted,

/s/ Michael E. Carleton
Michael E. Carleton, Esquire (203009)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH  43216-5028
Telephone:  614-222-4921
Fax:  614-220-5613
Email:  mec@manleydeas.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 14, 2016, a copy of the foregoing Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, if any, will be served by ordinary U.S. Mail. Parties may access this filing through the Court's system.  Further, a copy was mailed to the following party on the date indicated in the first sentence of this paragraph and a courtesy copy was sent to Chambers:

  Crystal Stephens, 514 Poplar Street, Philadelphia, PA  19123

/s/ Michael E. Carleton
Michael E. Carleton, Esquire (203009)