UNITED STATES DISTRICT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL STEPHENS | CIVIL ACTION |
| PLAINTIFF | Case No.: 2:16-cv-03845 |
| Vs. | Judge Thomas N. O'Neil, Jr. |
| MANLEY DEAS KHOCHALSKI, LLC | |
| DEFENDANT | |

## PLAINTIFF RESPONSE BRIEF IN OPPOSITION TO DEFENDANT MOTION TO DISMISS

NOW COMES Plaintiff Crystal Stephens, to file this instant response brief in opposition to Defendant MANLEY DEAS KHOCHALKSI, LLC (hereinafter "Defendant") Motion to Dismiss and support thereof state the following.

Plaintiff claims are proper under the Fair Debt Collection Practices Act (hereinafter "FDCPA") against Defendant and has stated a claim upon which relief can be granted. Plaintiff complaint factual allegations which Defendant failed to dispute. Defendant engaged in either a "communication" or "initial communication" with Plaintiff as defined by the FDCPA; the state court is a third party debt collector and is not exempt under the 15 U.S.C. section 1692a(6)(C) or section 1692o; Plaintiff claims are not barred by statute of limitations; Plaintiff claims are not barred by res judicata and the Rooker-Feldman doctrine; and Plaintiff alleges facts which indicates that Defendant is a debt collector and violated the FDCPA under several sections.

Plaintiff position is more fully explained in its Memorandum in Support, below. For these reasons, Plaintiff should be allowed to move forward and proceed with this case.

RESPECTFULLY SUBMITTED:

*Crystal Marie Stephens*
Crystal Marie Stephens, Pro Se Plaintiff
514 Poplar Street
Philadelphia, PA 19123
267-650-9754

Dated: October 24, 2016

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MOTION TO DISMISS

1. **Facts**

Plaintiff complaint contain the necessary facts sufficient to state a claim against Defendant which Defendant has failed to dispute. Plaintiff alleged that; (1) Plaintiff is a consumer; (2) that Defendant is a debt collector; that Defendant challenged practice involves an attempt to collect a 'debt' as the Act defines it; and (4) that Defendant has violated provisions of the FDCPA in attempting to collect a debt. Plaintiff complaint meet all elements necessary to state a claim against Defendant as stated in *Douglass v. Convergent Outsourcing,* 765 F.3d 299, 303 (3d Cir. 2014). Defendant has not disputed the fact that Plaintiff is a consumer or that Defendant is a debt collector attempting to collect. Plaintiff only filed the instant action against Defendant for debt collection misconduct. Plaintiff has not presented any issue to the court seeking relief from a state court judgment. Plaintiff complaint solely addresses Defendants misconduct within the foreclosure action as mortgage foreclosures are debt collection activities. *Res Judicata* and the *Rooker-Feldman* doctrine does not apply to this matter at hand..

2. **Law and Argument**

Defendant made a representation by way of a notice to the state court that Defendant was entering its appearance on behalf of the foreclosure plaintiff. Defendant subsequently provided the court with a proof of service indicating that Defendant served Plaintiff with said notice. In the ordinary course of civil litigation, submissions to a court must also be served on the opposing party. Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. See Pennsylvania Rules of Civil Procedure (hereinafter "Pa.R.C.P.") 440; *Hemmingsen v. Messerli & Kramer, P.A.* 674 F.3d 814, 818 (8th Cir. 2012) (noting that "though rarely made 'directly' to a consumer debtor," representations by debt collector lawyers in court "routinely come to the consumer's attention and may affect his or her defense of a collection claim."). Defendant is a debt collection law firm who regularly attempts to collect a debt through litigation. In *Heintz v. Jenkins,* the Supreme Court held that the meaning debt collector under the FDCPA includes lawyers who regularly try to collect consumer debts through litigation. See *Heintz v. Jenkins,* 514 U.S. 291, 292 (1995).

Defendant notice of entry of appearance fails to meet the scope of a pleading. Defendant state court notice of entry of appearance was not a formal pleading and did not warrant an objection or defense from Plaintiff. Foreclosures are debt collection activities in an attempt to collect a debt. The third Circuit has concluded that "foreclosure meets the broad definition of 'debt collection' under the FDCPA" *Kaymark v. Bank of Am., N.A.,* 783 F.3d 168, 179 (3rd Cir. 2015).

Defendant Notice of Entry of Appearance to the state court was not a formal pleading and was an initial communication to Plaintiff in an attempt to collect a debt from Plaintiff. Defendant clearly failed to comply with 1692g(1)(2)(3)(4) & (5). Defendant has made several

communications to the court that did require Plaintiff to respond in defense to it and served Plaintiff with such communication and failed to inform Plaintiff that Defendant was a debt collector attempting to collect a debt. Defendant failure to inform Plaintiff that Defendant is a debt collector attempting to collect a debt is a violation under 15 U.S.C. section 1692e(11).

## Conclusion

Plaintiff complaint meet the requirements to state a claim against Defendant in this Court and amendment of the complaint would be appropriate. Defendant is a debt collector who has violated the Fair Debt Collection Practices Act in the specified provisions within this response.

WHEREFORE Plaintiff respectfully request that this Honorable Court enter an Order denying Defendant Motion to Dismiss.

RESPECTFULLY SUBMITTED:

*Crystal Marie Stephens*
Crystal Marie Stephens, Pro Se Plaintiff
514 Poplar Street
Philadelphia, PA 19123
267-650-9754

Dated: October 24, 2016

UNITED STATES DISTRICT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL STEPHENS | CIVIL ACTION |
| PLAINTIFF | Case No.: 2:16-cv-03845 |
| Vs. | Judge Thomas N. O'Neil, Jr. |
| MANLEY DEAS KHOCHALSKI, LLC | |
| DEFENDANT | |

## CERTIFICATE OF SERVICE

I, Crystal M. Stephens, hereby certify that a true and correct copy of the above and foregoing Response in Opposition to Defendant Motion to Dismiss and accompanying papers has been furnished by U.S. Mail first class to Plaintiff, through their Attorney, MANLEY DEAS KOCHALSKI, LLC, P.O. Box 165028, Columbus, OH 43216.

*Crystal Marie Stephens*
Crystal Marie Stephens, Pro Se Plaintiff
514 Poplar Street
Philadelphia, PA 19123
267-650-9754

Dated: October 24, 2016