UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Crystal Stephens,<br><br>　　　　Plaintiff,<br>vs.<br><br>Manley Deas Khochalski, LLC,<br><br>　　　　Defendant. | CIVIL ACTION<br><br>Case No.:  2:16-cv-03845<br><br>Judge Thomas N. O'Neill, Jr. |

## REPLY IN SUPPORT OF MOTION TO DISMISS

NOW COMES Defendant Manley Deas Kochalski, LLC ("MDK"), by and through counsel, and hereby further supports its Motion to Dismiss in reply to the Response Brief in Opposition filed by Plaintiff Crystal Stephens ("Stephens").

MDK moved to dismiss this case on the following bases:

(i) Stephens' complaint contains only labels and conclusions and allegations of speculative facts;

(ii) according to her allegations, MDK has not engaged in either a "communication" or "initial communication" with her as defined by the Fair Debt Collection Practices Act (15 U.S.C. § 1692a, *et seq.*);

(iii) the documents on which Stephens relies were filings with the state court, which cannot be an impermissible third party under the FDCPA with which MDK could have communicated;

(iv) Stephens' claims are barred by the applicable statute of limitations;

(v) Stephens' claims are barred by the doctrine of *res judicata* and the *Rooker-Feldman* doctrine; and

(vi) Stephens does not allege facts to indicate that MDK violated the FDCPA in any way.

Aside from her analysis of issues related to an FDCPA "initial communication" or "communication," Stephens simply provides conclusory statements that her Complaint states a claim, just like her Complaint itself, and that this action should not be dismissed. (Opp. at Pg. 1-2.)  Stephens does not point to any facts, in the Complaint or otherwise, or make any legal argument to support her opposition to MDK's motion.

However, to survive a motion to dismiss, the Complaint must do more than provide labels and conclusions and a formulaic recitation of the elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must set forth enough facts to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stephens has failed to carry her burden in both the Complaint and the opposition to MDK's motion. Therefore, MDK's motion should be granted.

> **I.     Stephens' claims are barred by the FDCPA's one-year statute of limitations.**

In her opposition brief, Stephens does not attempt to refute MDK's argument that her claims are barred by the FDCPA's one-year statute of limitations. But the allegations she makes in her complaint make it plain that her claims are barred.

Under 15 U.S.C. § 1692k(d), an FDCPA claim must be brought "within one year from the date on which the violation occurs."  As MDK's alleged violation of 15 U.S.C. § 1692g, governing initial communications, Stephens' opposition brief addresses only the Notice of Appearance MDK filed in the state foreclosure action, which was served on July 14, 2015, while her complaint in this action was indisputably filed more than one year later, on July 20, 2016. Even if the Notice of Appearance qualifies as an "initial communication" under 15 U.S.C. § 1692g—which it does not, as set forth *infra*—then any claim regarding that matter is barred by the applicable limitations period because it occurred more than one year before Stephens filed her complaint.  *See Peterson v. Portfolio Recovery Assocs., LLC*, 430 Fed. Appx. 112, 114 (3rd

Cir. 2011) (stating that there can only be one "initial communication" from a debt collector under the FDCPA).  As a result, this case should be dismissed.

> II.   MDK did not engage in either an "initial communication" or "communication" with Stephens under the FDCPA.

Stephens argues in her opposition brief that MDK violated 15 U.S.C. § 1692g because it failed to validate her debt within five days of when MDK filed its Notice of Appearance in the state foreclosure action, which she claims as the triggering initial communication.  (Opp. at Pg. 3-4.)   15 U.S.C. § 1692g(d), however, states "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of section (a)."  Because MDK's Notice of Appearance is a formal pleading, the Notice of Appearance does not qualify as an initial communication, and there was no violation of 15 U.S.C. § 1692g.

Similarly, Stephens argues that additional filings MDK made in the state foreclosure action violated 15 U.S.C. § 1692e(11) because they did not include a "mini-Miranda" warning that the documents were from a debt collector.  (Opp. at Pg. 4.)    15 U.S.C. § 1692e(11), however, states "that this paragraph shall not apply to a formal pleading made in connection with a legal action."  The documents in question were filed in the foreclosure case, which is a legal action, and are formal pleadings.  Therefore, there was no violation of 15 U.S.C. § 1692e(11).

By contrast, Stephens argues that the Third Circuit's decision in *Kaymark v. Bank of America, N.A.*, 783 F.3d 168 (3rd Cir., 2015) refutes MDK's position and that MDK's Notice of Appearance and subsequent filings in the state foreclosure action do not qualify as "pleadings" and, therefore, the exemptions do not apply.

But *Kaymark* does not apply to this case.  Instead, *Kaymark* related to the broader issue of whether the statements made by a debt collector in state foreclosure filings could violate FDCPA Sections 1692e, barring false representations, and 1692f, barring unfair or

unconscionable debt collection actions. *Id.* 783 F.3d at 177. As a result, *Kaymark* does not support Stephens' argument that MDK's Notice of Appearance and subsequent filings required MDK to make certain disclosures to her that the FDCPA requires under specific circumstances. 15 U.S.C. § 1692e(11) (mini-Miranda warning) & 1692g(d) (validation notice). Accordingly, *Kaymark* cannot apply.

Moreover, MDK's Notice of Appearance is a pleading exempting MDK from disclosure requirements under Sections 1692e(11) and 1692g(d) of the FDCPA. Contrary to Stephens' incorrect claim, the FDCPA term "pleadings" does not apply only to filings that "warrant an objection or defense" as proffered. (Opp. at Pg.3). Instead, court filings effecting a substitution of a party to the case qualify as "pleadings" under the FDCPA. *Oppong v. First Union Mortg. Corp.*, 326 Fed.Appx. 663 (3rd Cir., 2009).

In *Oppong*, the borrower claimed that a lender had violated the FDCPA on the alleged grounds it did not send the borrower a validation notice under 15 U.S.C. § 1692g when it substituted in as plaintiff in the state foreclosure action. *Id.*, at 666. However, the Third Circuit disagreed, upheld the trial court's finding for the bank and law firm, holding that the filings that effected the substitution were "pleadings" as exempted by 15 U.S.C. § 1692g(d). *Id*. at 666, fn.3.

Likewise, this court, in *Hairston v. Green Tree Servicing LLC*, 2015 U.S. Dist. LEXIS 170786, *11-12, (Pa. E.D. Dec. 15, 2015), held that documents not formally fitting within the definition of "pleading" in the Federal Rules of Civil Procedure nevertheless fall within the exemption of 15 U.S.C. § 1692e(11). This court should follow the Third Circuit's precedent and its prior decision regarding other documents filed with the court and find that the documents in question in this case are "pleadings" as contemplated by the FDCPA provisions in question. Since the documents are "pleadings," they are explicitly exempted and this case should be dismissed.

### III.     Communication with third parties was permitted.

Stephens argues that MDK violated the FDCPA, presumably, 15 U.S.C. § 1692c, by communicating with third parties, specifically the state trial court and the parties to that case. (Opp. at Pg. 3.)  However, the complaint indicates that MDK merely made post-judgment filings in the state foreclosure action to execute on the judgment MDK's client had obtained before MDK had filed its Notice of Appearance in that action.

15 U.S.C. § 1692c specifically permits communications with third parties "as reasonably necessary to effectuate a postjudgment judicial remedy."  In the state trial court, judgment was entered in favor of Aurora Loan Services, LLC ("Aurora"), on June 11, 2010.  The documents cited by Stephens are all documents filed by MDK, on behalf of its client, in execution of that judgment, specifically to have the subject property sold at Sheriff's Sale.  Stephens admits this fact and admits that those documents were required to be served on the identified parties in accordance with the Pennsylvania Rules of Civil Procedure.  (Opp. at Pg. 3.)  Therefore, the cited communication was permitted, there is no violation of the FDCPA, and the case should be dismissed.

### IV.     Stephens has not alleged any facts to indicate MDK made any materially false, deceptive, or misleading representations to her.

Finally, the complaint sets forth no facts to indicate that MDK made a materially false, deceptive, or misleading representation.  In her complaint, Stephens attempts to claim that MDK made such a representation while representing Aurora when an assignment of her mortgage had previously been recorded from Aurora to Nationstar Mortgage LLC ("Nationstar") after the foreclosure complaint was filed.  However, by the time MDK had begun representing Aurora in the state foreclosure action, Aurora had already obtained a judgment in the case, and MDK's role was simply to execute on that judgment, as the documents attached to Stephens' complaint

16-020322                                                    5

indicate.

Additionally, MDK was under no duty to substitute Nationstar for Aurora. Pa.R.C.P. 2004 states that "[i]f a plaintiff has commenced an action in his or her own name and thereafter transfers the interest therein, in whole or in part, the action may continue in the name of the original plaintiff[.]" The state trial court case was proceeding in the name of the original plaintiff, Aurora. Therefore, the representation is true and there is no violation.

Even if MDK engaged in a false representation with respect to its representation of Aurora, any such representation was not materially false. As this Court recognized in *Burton v. Nationstar Mtge. LLC*, 2015 U.S. Dist. LEXIS 47967, *10-11 (E.D.Pa., Apr. 13, 2015), although the Third Circuit has not addressed the matter, the prevailing rule is that a representation must be *materially* false or misleading in order to be a violation of 15 U.S.C. § 1692e. Moreover, "[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Id*. at *11, quoting *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir., 2009); *see also Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir., 2010) ("false but nonmaterial misrepresentations are not likely to mislead the least sophisticated consumer and therefore are not actionable under § 1692e."). "Mere technical falsehoods that would not mislead or deceive even an unsophisticated consumer do not confer FDCPA liability on a defendant." *Burton*, 2015 U.S. Dist. LEXIS 47967 at *15.

The case of *Burton v. Nationstar Mtge. LLC*, 2015 U.S. Dist. LEXIS 47967, (E.D. Pa., Apr. 13, 2015), is instructive. In that case, Bank of America filed the foreclosure action in state court, and following the transfer of the loan, Nationstar filed a document in the case that indicated it had filed the foreclosure action. *Id*. at *2-3. The *Burton* court found that the representation by Nationstar, while technically false, was not material because a mere drafting error in litigation that had been pending for several months "cannot be expected to give rise to an

FDCPA claim[.]" *Id*. at *15.

As addressed, above, Aurora is the stated plaintiff and judgment creditor in the state trial court case, and the Pennsylvania Rules of Civil Procedure allow for the case to proceed in that name even if the interest is transferred.  Stephens points to no facts to indicate that she was misled, or could have been misled, as to the correct entity with which she has been litigating since the 2010 foreclosure action.  In the end, she alleges no facts to indicate that she could not make intelligent decisions with respect to her mortgage debt on the alleged basis that MDK did not substitute Nationstar for Aurora in the state foreclosure action after Aurora had already obtained judgment against her.  *Id.*, at *17 ("The statements made in the State Motion did not undermine Burton's ability to choose his action concerning his debt.")

### V.     Conclusion.

Stephens fails to carry her burden in her Opposition and in her Complaint.  There are no set of circumstances in this case where MDK could be found to have violated the FDCPA.  Therefore, MDK's Motion to Dismiss should be granted, along with any other relief deemed appropriate by the Court.

    Respectfully submitted,

/s/ Michael E. Carleton
Michael E. Carleton, Esquire (203009)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH  43216-5028
Telephone:  614-222-4921
Fax:  614-220-5613
Email:  mec@manleydeas.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 3, 2016, a copy of the foregoing Reply in Support of Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, if any, will be served by ordinary U.S. Mail. Parties may access this filing through the Court's system.  Further, a copy was mailed to the following party on the date indicated in the first sentence of this paragraph and a courtesy copy was sent to Chambers:

   Crystal Stephens, 514 Poplar Street, Philadelphia, PA  19123

/s/ Michael E. Carleton
Michael E. Carleton, Esquire (203009)