IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL STEPHENS | : | CIVIL ACTION |
| | : | NO. 16-3845 |
| v. | : | |
| | : | |
| MANLEY DEAS KOCHALSKI, LLC[1] | : | |

O'NEILL, J.                                                                                    November 16, 2016

## MEMORANDUM

Plaintiff, Crystal Stephens, brings various claims under the Fair Debt Collection Practices Act (FDCPA) for communications made to her by a law firm, defendant Manley Deas Kochalski, LLC (MDK), during a home foreclosure action. Each of the communications that plaintiff describes consists of legally-required notice of defendant's filings in the Philadelphia Court of Common Pleas. As defendant argues in its motion to dismiss, Dkt. No. 7, the FDCPA includes exceptions for such communications and thus none of plaintiff's four counts has a legal basis. Therefore, upon considering defendant's motion, Dkt. No. 7, plaintiff's response, Dkt. No. 9, and defendant's reply, Dkt. No. 10, I will grant defendant's motion and dismiss plaintiff's complaint.

## BACKGROUND

In 2009, Aurora Loan Services filed an action against Stephens in the Philadelphia Court of Common Pleas to collect on an unpaid debt. Dkt. No. 3 (Compl.) at ECF p. 56. The court entered a default judgment for $213,384.96 plus interests and costs against Stephens on June 11, 2010 and issued a writ of execution of foreclosure on the collateral property. Id. at ECF p. 59, 114. The court has continued the sheriff's sale of the property numerous times since 2010. Id. at ECF p. 59–98. The last scheduling order in the complaint listed the sale for August 2, 2016. Id.

---

[1] This caption reflects the correct spelling of defendant's name. The original caption spelled defendant's name incorrectly as "Manley Deas Khochalski, LLC."

at ECF p. 98.  On July 14, 2015, Aurora replaced its original legal representation with MDK.  Id. at ECF p. 15–16.

Stephens, acting pro se, now sues MDK for violating the Fair Debt Collection Practices Act (FDCPA) for various communications MDK made to Stephens on behalf of Aurora during the state litigation.  Although plaintiff does not describe the content of the communications in her complaint, her exhibits show that the communications correspond to notice that defendant gave plaintiff of its filings in the Court of Common Pleas pursuant to the Pennsylvania Rules of Civil Procedure.  See, e.g., Compl. ¶ 14 (giving dates). [2]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  To prevent dismissal, all civil complaints must set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678. Because this plaintiff is proceeding pro se, I will "liberally construe [her] pleadings."  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  Unless amendment would be inequitable or futile the Court should not dismiss the complaint without allowing plaintiff leave to amend.  Alston v.

---

[2] All but one of the dates of the allegedly infringing communications from defendant correspond to docket numbers on the civil docket sheet that plaintiff attaches to her complaint: September 2, 2015 (affidavit of service filed, id. at ECF p. 88); October 26, 2015 (notice that sheriff's sale is continued, id. at ECF p. 90); December 28, 2015 (praecipe for writ of execution filed, id. at ECF p. 91); Jan 28, 2016 (no corresponding docket entry); March 21, 2016 (notice that sheriff's sale is continued, id. at ECF p. 93); April 20, 2016 (affidavit of service of amended 3129.1, id. at ECF p. 94); May 18, 2016 (affidavit of service filed, id. at ECF p. 95); June 6, 2016 (notice that sheriff's sale is continued, id. at ECF p. 98) and June 27, 2016 (notice that sheriff's sale is continued, id. at ECF p. 98).  Furthermore, defendant states in its motion to dismiss that "the sole facts supporting Stephens' allegations were the post-judgment documents that MDK filed in the state foreclosure action."  Dkt. No. 7 at ECF p. 3. Plaintiff does not contest this characterization of the communications. Dkt. No. 9.

Parker, 363 F.3d 229, 235 (3d Cir. 2004), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## DISCUSSION

### I.     1692c:  Communications To Debtor Without Consumer's Consent

Section 1692c(a) of the FDCPA prohibits a debt collector from communicating with a consumer in connection with the collection of a debt under certain circumstances unless the consumer gives consent or a court of competent jurisdiction gives express permission.  15 U.S.C. § 1692c(a).  Plaintiff's Count One alleges defendant violated this law by sending her notice for various filings in connection with the state court foreclosure action without her consent.  Compl. ¶ 30.  However, state law requires litigants to send these notices pursuant to the Pennsylvania Rules of Civil Procedure, as plaintiff concedes in her responsive brief.  Dkt. No. 9 at ECF p. 3. Thus, defendant had "express permission of a court of competent jurisdiction" within the meaning of section 1692c(a) and plaintiff's Count I is without legal basis.

### II.    1692c(b):  Communications to Third Parties

Section 1692c(b) of the FDCPA prohibits a debt collector from communicating with third parties except under certain circumstances.  One of those circumstances is where such communication is "reasonably necessary to effectuate a postjudgment judicial remedy."  15 U.S.C. § 1692c(b).  Although not explicit in the statute's text, it is unlikely that the term "third party" was meant to include a court, given the context and the statute's purpose.  Regardless, the communications that plaintiff describes in her complaint fall within the statute's exception for postjudgment judicial remedies.  Defendant made the alleged communications after the 2010 judgment and as part of the litigation surrounding the potential foreclosure on plaintiff's property.  Thus, plaintiff's Count Two is without legal basis.

**III.     1692e(3), (10), and (11):  False Representations**

Plaintiff's Count III allegations of violations under parts three, ten, and eleven of section 1692e of the FDCPA are also precluded by the statute itself.

Part three of section 1692e prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney."  15 U.S.C. § 1692e(3). Plaintiff's claims under this provision are unsupported because it is clear from the exhibits plaintiff attaches to her complaint that defendant is a law firm that represented Aurora in the foreclosure action.  Plaintiff alleges no facts showing that the firm was operating illegally or made any false representations about its authority.

Part ten of section 1692e prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).  Plaintiff alleges that defendant misrepresented that Aurora was the real party in interest in the foreclosure action when in fact Aurora transferred its interest to another party.  Compl. ¶¶ 47, 48.  However, under Rule 2004 of the Pennsylvania Rules of Civil Procedure, the original plaintiff may continue to pursue an action even after transferring its interest to another party.  Therefore, it was not misleading or false for defendant to communicate its representation of Aurora.

Part eleven of section 1692e prohibits failing to disclose "that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."  15 U.S.C. § 1692e(11).  Although the communications that plaintiff alleges violated this provision—such as defendant's Notice of Entry of Appearance on behalf of Aurora in the Philadelphia Court of Common Pleas—are not initial pleadings or complaints, they are "pleadings" within the broad meaning of that term as used in section

1692e(11).  See Oppong v. First Union Mortg. Corp., 326 F. App'x 663, 666 (3d Cir. 2009)

(holding that filings effecting the substitution of one party for another were "pleadings" within

the meaning of 15 U.S.C. § 1692e); Hairson v. Green Tree Serv. LLC, No. 14-6810, 2015

LEXIS 170786 at *12 (E.D. Pa. Dec. 21, 2015) (holding that although the "document identified

by [the p]laintiff in support of his claim does not constitute a 'pleading' as defined by the Federal

Rules of Civil Procedure . . . . [such documents] do not constitute the type of 'communication'

contemplated by § 1692e(11)").  Therefore plaintiff has not stated a claim under section

1692e(11).

**IV.     1692g(a)(1)–(5):  Lack of Written Notice Within Five Days of Initial Communication**

Section 1692g of the FDCPA requires a debt collector to send the consumer a debt

validation notice within five days of an "initial communication."  15 U.S.C. § 1692g(a).

However, under section 1692g(d), pleadings are not "initial communications."  Therefore,

plaintiff's Count Four, which alleges defendant violated the FDCPA by not sending her a

validation notice after sending her notice of its appearance as counsel for the opposing party in

the state court foreclosure action, is excluded as a "pleading" under 1692g(d).  See supra.

Because none of plaintiff's four counts has a legal basis, amendment would be futile and

I will dismiss her complaint without leave to amend.  See Grayson, 293 F.3d at 111 (noting that a

court may dismiss a complaint without granting leave to amend where amendment would be

"inequitable or futile").